OPINION
{¶ 1} On August 25, 2005, Ohio State Highway Patrol Trooper Robert Gable stopped appellant, Jason Taylor, for speeding. Upon investigation, Trooper Gable charged appellant with speeding in violation of R.C.4511.21, operating a motor vehicle under the influence of alcohol and/or drugs of abuse in violation of R.C. 4511.19, possession of a Schedule IV controlled substance in violation of R.C. 2925.11 and possession of drug paraphernalia in violation of R.C. 2925.14.
 {¶ 2} A jury trial commenced on November 23, 2005. The speeding charge was tried to the bench. At the conclusion of the state's case-in-chief and again at the conclusion of the trial, appellant moved for a Crim.R. 29 acquittal. The trial court denied the motions. The jury found appellant guilty of the operating a motor vehicle under the influence and possession of a controlled substance charges, and not guilty of the possession of drug paraphernalia charge. The trial court found appellant guilty of speeding. By journal entries filed December 23, 2005, the trial court sentenced appellant to ninety days in jail on the operating a motor vehicle under the influence conviction and sixty days in jail on the possession of a controlled substance conviction, suspended his driver's license for eighteen months and imposed fines.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: I
 {¶ 4} "THE TRIAL COURT ERRED IN PERMITTING THE STATE TROOPER AND CRIMINALIST TO TESTIFY ABOUT THE WARNING LABEL ON A PILL BOTTLE FOUND IN THE POSSESSION OF DEFENDANT-APPELLANT."
 II {¶ 5} "THE TRIAL COURT ERRED IN PERMITTING THE STATE TROOPER AND CRIMINALIST TO TESTIFY ABOUT THE EFFECTS OF VICODIN AND ALCOHOL WHEN NEITHER WERE EXPERTS IN THAT FIELD."
 III {¶ 6} "THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AT THE END OF THE STATE'S CASE AND AT THE END OF THE DEFENDANT-APPELLANT'S CASE, WHEREIN THE STATE FAILED TO PROVE THAT THE DEFENDANT-APPELLANT WAS UNDER THE INFLUENCE OF ALCOHOL AND/OR A DRUG OF ABUSE."
 I, II {¶ 7} Appellant claims the trial court erred in permitting Trooper Gable and Ohio State Highway Patrol Criminalist Edward Yingling to testify about a warning label on a prescription bottle containing Vicodin, and the effects of mixing Vicodin and alcohol. Because both of these assignments of error involve the evidentiary rules, we will address them collectively.
 {¶ 8} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 9} First, appellant argues the warning label on the prescription bottle constituted hearsay in violation of Evid.R. 801(C) because it was "offered in evidence to prove the truth of the matter asserted." We disagree.
 {¶ 10} The prescription bottle of Vicodin was found in appellant's vehicle during the inventory search, and it listed appellant's name on the label.[1] T. at 73. Appellant admitted to Trooper Gable that he had consumed a malt liquor and "had taken two Vicodin that day for pain." T. at 63, 76. Trooper Gable read the warning on the prescription bottle which stated, "Do not drink alcoholic beverages when taking this medication. * * * Also, that it may cause drowsiness and that alcohol may intensify this affect. Use care when operating a car or dangerous machinery." T. at 77-78.
 {¶ 11} Mr. Yingling testified he analyzed the contents of the prescription bottle and it contained Vicodin, a Schedule III drug. T. at 177-179. Mr. Yingling also testified to the warning label on the bottle, stating "I believe the warning on there says do not drink alcohol while * * * taking this medication." T. at 180.
 {¶ 12} The prescription bottle was marked as evidence and received as Exhibit 8. T. at 191. During oral argument, appellant's counsel attempted to move for an App.R. 9(E) correction of the record. Counsel argued an objection was made to the prescription bottle's admission, but it was omitted from the record. Although defense counsel objected at each mention of the warning label, there is no specific assignment of error on the prescription bottle's admission into evidence; therefore, we find the App.R. 9(E) request to be irrelevant.
 {¶ 13} The prescription bottle was seized during appellant's arrest and qualified as relevant and admissible evidence under Evid.R. 401. Appellant admitted to taking the Vicodin and it was in his possession during his arrest. T. at 76. We therefore conclude the references to the warning label did not constitute hearsay and were relevant.
 {¶ 14} Second, appellant argues the trial court erred in permitting Trooper Gable and Mr. Yingling to testify on the effects of mixing Vicodin with alcohol.
 {¶ 15} Trooper Gable testified based upon his experience, "Vicodin is a central nervous system depressant and it cannot be * * * cannot be mixed with alcohol." T. at 77. Mr. Yingling testified Vicodin is a "pain management drug" and the warning label about mixing alcohol and Vicodin is "put on there because they can have additive effects." T. at 180-181. Mr. Yingling stated, "like any drug, it [Vicodin] can be abused." T. at 179.
 {¶ 16} We find Mr. Yingling's testimony regarding the schedules and drugs of abuse are part of his routine duties and therefore he was qualified to testify as to the "addictive effects" of mixing schedule drugs with alcohol. T. at 178-179. We concur with appellant that Trooper Gable was not qualified to give his opinion. However, we find his testimony constitutes harmless error. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.
 {¶ 17} The complained of testimony was already in evidence via the warning label on the prescription bottle and Mr. Yingling's testimony on "additive effects."
 {¶ 18} Assignments of Error I and II are denied.
 III {¶ 19} Appellant claims the trial court erred in denying his Crim.R. 29 motions for acquittal. We disagree.
 {¶ 20} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 21} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 22} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 23} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 24} Appellant argues the evidence presented was insufficient to establish he was under the influence of alcohol and/or a drug of abuse. Appellant argues his blood alcohol level "was below the legal limit of .08 grams of alcohol per 210 liters of breath" and "there was no credible or admissible evidence to show that the Vicodin was a drug of abuse" or that appellant was under the influence of the Vicodin. Appellant's Brief at 13.
 {¶ 25} R.C. 4506.01(K) defines "drug of abuse" as "any controlled substance, dangerous drug as defined in section 4729.01 of the Revised Code, or over-the-counter medication that, when taken in quantities exceeding the recommended dosage, can result in impairment of judgment or reflexes." R.C. 4729.01(F) defines "dangerous drug" as follows in pertinent part:
 {¶ 26} " (1) Any drug to which either of the following applies:
 {¶ 27} "(a) Under the `Federal Food, Drug, and Cosmetic Act,'52 Stat. 1040 (1938), 21 U.S.C.A. 301, as amended, the drug is required to bear a label containing the legend `Caution: Federal law prohibits dispensing without prescription' or `Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian' or any similar restrictive statement, or the drug may be dispensed only upon a prescription;
 {¶ 28} "(b) Under Chapter 3715. or 3719. of the Revised Code, the drug may be dispensed only upon a prescription."
 {¶ 29} Mr. Yingling testified Vicodin is a Schedule III drug and "like any drug, it can be abused." T. at 179.
 {¶ 30} Trooper Gable testified he observed appellant speeding, eighty-seven m.p.h. in a sixty-five m.p.h. zone, and when signaled to pull over, appellant violated the marked lane. T. at 58, 60. When Trooper Gable approached the vehicle, he detected an odor of alcohol. T. at 62. Trooper Gable stated appellant admitted to the consumption of alcohol (malt liquor) and the taking of two Vicodin pills that day. T. at 63, 76.
 {¶ 31} When Trooper Gable conducted the Horizontal Gaze Nystagmus test, appellant demonstrated six of six clues for impairment. T. at 64. On the One Leg Stand test, appellant demonstrated three of four clues for impairment. T. at 68. On the Walk and Turn test, appellant demonstrated four of eight clues for impairment. T. at 69.
 {¶ 32} We conclude the evidence was sufficient to overcome the Crim.R. 29 motions for acquittal.
 {¶ 33} Assignment of Error III is denied.
 {¶ 34} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed.
[1] Appellant's conviction for possession of a Schedule IV controlled substance was based upon the discovery of a prescription bottle in appellant's possession bearing the name "Charlene Taylor," his mother. T. at 73. The prescription bottle contained Darvocet. T. at 176.