DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Hoskins ("Hoskins"), appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On January 26, 2008, two Akron Police Department officers responded to a call regarding an unintentional overdose at a home on Ackley Street in Akron, Ohio. Upon arrival, officers found Hoskins staggering along the side of the garage. Hoskins was unresponsive to the officers' questions. Officers smelled a strong chemical odor on Hoskins, and located in the garage a can of paint thinner next to a white plastic bag. The officers called an ambulance to transport Hoskins to the hospital.
 {¶ 3} On February 8, 2008, Hoskins was indicted on one charge of abusing harmful intoxicants, in violation of R.C. 2925.31. As Hoskins stipulated that he had been previously convicted of a drug abuse offense, the charge was a felony of the fifth degree. On February 8, *Page 2 
2008, Hoskins pled not guilty to the charge, and on April 2, 2008, the matter proceeded to a jury trial. The jury found Hoskins guilty of abusing harmful intoxicants and on April 11, 2008, he was sentenced to six months of incarceration. Hoskins timely appealed from his conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT VIOLATED RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE BY DENYING [HOSKINS'] REQUEST TO DISMISS THE CRIMINAL CHARGE AGAINST HIM BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE ABUSED A HARMFUL INTOXICANT."
 {¶ 4} In his sole assignment of error, Hoskins contends that the trial court erred by denying his Crim. R. 29 motion because the State failed to present sufficient evidence that he abused a harmful intoxicant. This Court does not agree.
 {¶ 5} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. *Page 3 
 {¶ 6} Hoskins was charged with one count of abusing harmful intoxicants, in violation of R.C. 2925.31. R.C. 2925.31(A) provides: "Except for lawful research, clinical, medical, dental, or veterinary purposes, no person, with purpose to induce intoxication or similar physiological effects, shall obtain, possess, or use a harmful intoxicant." A violation of R.C. 2925.31 is a fifth degree felony "[i]f the offender previously has been convicted of a drug abuse offense[.]" R.C. 2925.31(B). Initially, we note that Hoskins stipulated to a prior conviction of a drug abuse offense.
 {¶ 7} A harmful intoxicant is defined in R.C. 2925.01(I). This section states that "`[h]armful intoxicant' does not include beer or intoxicating liquor but means any of the following:
 "(1) Any compound, mixture, preparation, or substance the gas, fumes, or vapor of which when inhaled can induce intoxication, excitement, giddiness, irrational behavior, depression, stupefaction, paralysis, unconsciousness, asphyxiation, or other harmful physiological effects, and includes, but is not limited to, any of the following:
 "(a) Any volatile organic solvent, plastic cement, model cement, fingernail polish remover, lacquer thinner, cleaning fluid, gasoline, or other preparation containing a volatile organic solvent;
 "(b) Any aerosol propellant;
 "(c) Any fluorocarbon refrigerant;
 "(d) Any anesthetic gas.
 "(2) Gamma Butyrolactone;
 "(3) 1,4 Butanediol."
 {¶ 8} We initially dispose of Hoskins' argument that toluene, i.e., paint thinner, is not listed in the statute and is therefore not a "harmful intoxicant." This argument is without merit. The essential question posed in R.C. 2925.01(I) is whether paint thinner is a substance the gas, fumes, or vapor of which when inhaled can induce intoxication, etc. The statute then includes a *Page 4 
non-exhaustive list of harmful intoxicants. Simply because paint thinner is not listed does not mean that it is not a harmful intoxicant under R.C. 2925.01(I).
 {¶ 9} Specifically, Hoskins contends that because the paint thinner was not tested nor presented at trial, the State failed to prove that Hoskins used a harmful intoxicant with purpose to induce intoxication. We do not agree.
 {¶ 10} In State v. Maupin (1975), 42 Ohio St.2d 473, the Ohio Supreme Court determined that a drug may be determined by circumstantial evidence. The Court stated that "it is also logically recognized that whether a given substance is or is not as claimed (here, marijuana), is beyond the common experience and knowledge of juries and that expert testimony in some form is required." Id. at 479. The Court found that testimony of the arresting officer, who had "14 years experience as a member of the vice squad of the Cincinnati Police Department, had one and a half years experience as an undercover agent for the Federal Bureau of Narcotics, had made hundreds of arrests, including those for drug violations, and, during the course of drug investigations, he had occasion to see and observe marijuana[,]" was sufficient to establish that the substance in question was marijuana. Maupin, at paragraph two of the syllabus.
 {¶ 11} We would find that paint thinner is not a substance that is beyond the common experience and knowledge of juries so that some form of expert testimony was required. On this issue, the State presented the testimony of the two responding officers. The officers both testified that they smelled paint thinner on Hoskins and that they located a can of paint thinner in the garage, along with a plastic bag. They testified that Hoskins appeared intoxicated. Specifically, Officer Vince Tersigni stated that Hoskins was very slow to answer his questions, could not tell officers his name, did not appear to understand what was going on, was unsteady, and could not walk straight. Further, both officers testified that they had personal experience *Page 5 
with using and smelling paint thinner. Officer Jason McKeel testified that one can become intoxicated by inhaling paint thinner using a plastic bag to assure that no fumes escape. He further testified that the effects of ingesting chemicals are similar to that of being intoxicated by alcohol or marijuana. McKeel testified that the paint thinner was not taken into evidence because their evidence collection procedure did not allow them to hold flammable or explosive materials.
 {¶ 12} Finally, Hoskins' roommate testified that he observed Hoskins pour paint thinner into a white plastic bag, put it over his head, and breathe. He testified that he observed Hoskins with the can of paint thinner. He testified that Hoskins was outside screaming, and that his words were slurred. Viewing the evidence in the light most favorable to the State, we find that the State presented sufficient evidence to support a conviction for abusing harmful intoxicants. Accordingly, Hoskins' assignment of error is overruled.
 III. {¶ 13} Hoskins' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J. WHITMORE, J. CONCUR *Page 1